NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0210n.06

Case No. 24-1685

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 18, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| PRESTON CREED-BOEHM, | ) | |
| Defendant-Appellant. | ) | |
|  | ) | O P I N I O N |

Before: COLE, McKEAGUE, and RITZ, Circuit Judges.

COLE, Circuit Judge. Preston Creed-Boehm appeals the denial of his motion to revoke the order for pretrial detention. Weighing the 18 U.S.C. § 3142(g) factors, the district court found by clear and convincing evidence that no conditions of release could reasonably assure the safety of the community and therefore denied bond. Creed-Boehm argues that the district court erred in denying his motion. For the following reasons, we affirm.

I.

In December 2022, law enforcement charged Creed-Boehm with distribution, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B). At Creed-Boehm's initial appearance, the government moved to detain him pending trial. In light of the government's motion, the court found by clear and convincing evidence that no conditions could reasonably assure the safety of the community and ordered his detention.

A grand jury later indicted Creed-Boehm on charges of sexual exploitation in violation of 18 U.S.C. § 2251(a), distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He moved for the court to revoke its order of detention and release him to a treatment facility for individuals with traumatic brain injuries. The government opposed his motion, arguing that the proposed conditions would not sufficiently protect the community given the risk posed by his release. Responding to the government's concerns about the initial proposed treatment facility, Creed-Boehm proposed an alternative facility and proffered letters from a psychologist and from the facility's director, who stated that the facility could secure the safety of its residents, staff, and the community against the risks posed by a person with a history of committing sex offenses.

The district court heard arguments from the parties, continued the hearing on the detention motion, and instructed pretrial services to evaluate Creed-Boehm's proposed conditions of release. Based on its investigation, which included a tour of the proposed treatment facility and discussions with the facility's director, pretrial services concluded that the proposed conditions were insufficient to mitigate the "tremendous danger" Creed-Boehm posed to the community.

Again, the district court continued the hearing to allow Creed-Boehm the opportunity to obtain a declaration from the facility, responding to the concerns advanced by pretrial services. Creed-Boehm proffered a declaration from the facility's director, which reiterated her belief that the facility was equipped to prevent any dangerous behavior.

The district court heard final arguments on the matter. The court considered the nature and circumstances of the offense, the weight of the evidence of dangerousness, Creed-Boehm's history and characteristics, and the nature and seriousness of the danger posed by Creed-Boehm's release. Ultimately, the court denied the motion, finding that the government met its burden by producing

clear and convincing evidence that no conditions of release would reasonably assure the safety of the community.

Creed-Boehm timely appealed.

## II.

We review the district court's factual findings for clear error, but we evaluate mixed questions of law and fact—including whether detention is warranted—de novo. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

Under the Bail Reform Act, the government may only detain a defendant pending trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). This finding must "be supported by clear and convincing evidence." *Id.* § 3142(f).

Generally, "[t]he default position of the law . . . is that a defendant should be released pending trial." *Stone*, 608 F.3d at 945. But "[t]hat default is modified . . . for certain, particularly dangerous defendants." *Id.* Where, as here, a "judicial officer" finds there is probable cause to believe a defendant committed one of the offenses enumerated in § 3142(e)(3), there is a presumption in favor of detention.

The presumption under § 3142(e)(3) provides: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]" When the presumption applies, the defendant carries the burden of production and must proffer "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. Even after a defendant satisfies his burden of production, the presumption "'remains a factor to be considered

. . . by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

Regardless of whether the presumption applies, the government has the burden of persuasion and must prove "that no . . . conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3). To determine whether the government has met its burden, the court must consider: (1) the nature and circumstances of the charged offense, including whether it involves a minor victim; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or to the community posed by the defendant's release. *Id.* § 3142(g).

Here, Creed-Boehm does not dispute that he was charged with an offense listed in § 3142(e)(3) and thus was subject to a rebuttable presumption in favor of detention. The district court determined that Creed-Boehm met his burden of production, and the parties do not dispute that conclusion.

Weighing the § 3142(g) factors, the district court concluded that "the [g]overnment . . . met its burden to present evidence by clear and convincing evidence that there are no conditions that would reasonably assure the safety of any other person in the community[.]" (Hr'g Tr., R. 72, PageID 749.) Accordingly, the court denied Creed-Boehm's motion for revocation of detention.

Creed-Boehm argues that the district court erred by denying his motion because "the proposed conditions can not only reasonably assure the safety of any persons at [the rehabilitation

facility] and the community at large but can all but guarantee their safety."[1]  (Appellant Br. 29.)

We consider each factor in turn and then weigh the factors to determine whether detention is warranted.

## A.

The first factor requires us to consider "the nature and circumstances of the offense charged," and specifically, whether "the offense . . . involves a minor victim[.]"  18 U.S.C. § 3142(g)(1).  Here, the charges are irrefutably serious and involve minor victims.  The district court made several factual findings that are not contested on appeal.  The victims are "three minor children between the ages of one-and-a-half and twelve years old."  (Hr'g Tr., R. 72, PageID 745–46.)  The alleged offenses involved both "hands-on molestation over a number of years" and "significant amounts of child pornography."  (*Id.*)

Creed-Boehm acknowledges the serious nature of the allegations against him, but he contends that the nature and circumstances of the allegations do not outweigh the other factors.  Regardless, this factor—the nature and circumstances of the offense—favors detention.

## B.

Next, we must consider the "weight of the evidence against [Creed-Boehm]."  *See* 18 U.S.C. § 3142(g)(2).  "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."  *Stone*, 608 F.3d at 948.  The district court

---

[1] In a footnote, Creed-Boehm contends that generally, pretrial detention "significantly erode[s]" a defendant's ability to prepare their defense, especially where, as here, "trial preparation will involve the use of experts . . . which will necessarily include testing and neurological imaging."  (Appellant Br. 33 n.6.)  This argument is largely undeveloped, so we deem it waived.  *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (alteration in original) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995))).  Regardless, because of challenges such as this, pretrial detention is reserved only for situations where there are no conditions of release that can reasonably assure the appearance of the defendant and the safety of any other person and the community.  *See* 18 U.S.C. § 3142(g).

identified the significant potential sentences for the offenses and concluded that the evidence, including allegations of predatory conduct, demonstrated that Creed-Boehm posed a "danger to young children." (Hr'g Tr., R. 72, PageID 746.) We agree.

Creed-Boehm again does not contest that this factor weighs in favor of detention. Instead, he relies on cases from the Ninth Circuit to assert that "it is well-accepted that 'the weight of the evidence is the least important of the various factors[.]'" (Appellant Br. 32–33.) Notably, the Ninth Circuit interprets this factor differently: it considers evidence of guilt. *See, e.g.*, *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) ("[T]he statute permits the court to consider . . . the evidence of guilt[.]"). Further, the proposition is unsupported by our precedent. This court has never stated that this factor is less important than the other factors, and we find no reason to do so now.

He further argues that the district court erred insofar as it relied on the potential for a lengthy sentence because this court and other circuits have ordered pretrial release in cases with a presumptively long prison sentence. We agree that the potential for a lengthy sentence alone does not warrant detention, but here, there is evidence of dangerousness unrelated to the potential sentence: alleged predatory conduct involving young children. None of the cases cited by Creed-Boehm involve similar conduct. The weight of the evidence therefore favors detention.

## C.

The third factor requires us to examine (1) Creed-Boehm's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" and (2) whether at the time of his arrest, Creed-Boehm was on parole, probation, or other release. *See* 18 U.S.C. § 3142(g)(3).

The district court made several findings of fact regarding this factor. It acknowledged that Creed-Boehm suffered from a traumatic head injury and that he struggles with "interpreting social cues" and is "easily manipulated." (Hr'g Tr., R. 72, PageID 747.) But it also noted that Creed-Boehm "graduated from high school[,]" "[ha]s taken college courses[,]" and "was able to use technology" to commit the alleged offenses. (*Id.*)

Creed-Boehm does not contest any of these factual findings and failed to address this factor until his reply brief. On reply, he contends that "any fair reading of [] Creed-Boehm's 'history and characteristics,' especially the way he has long worked to overcome adversity, would militate in favor of release[.]" (Reply Br. 2.) Assuming he has not waived this argument by first raising it in his reply, we disagree that it "militates" release. This factor, like every other factor, must be weighed. Considering the district court's factual findings regarding both Creed-Boehm's deficiencies and his education level, this factor is neutral.

D.

Lastly, we must consider the "nature and seriousness of the danger to . . . the community that would be posed by [Creed-Boehm's] release." *See* 18 U.S.C. § 3142(g)(4). The district court concluded that Creed-Boehm "presents a serious danger to the community if he was released[.]" (Hr'g Tr., R. 72, PageID 747–48.) Creed-Boehm does not challenge this conclusion on appeal. Based on the alleged conduct described above, we agree that this factor favors detention.

E.

Finally, we must consider all the factors together to determine "whether there are conditions of release that will reasonably assure the appearance of [Creed-Boehm] . . . and the safety of any other person and the community[.]" *See* 18 U.S.C. § 3142(g). Creed-Boehm argues that the evidence he proffered showed that the proposed conditions of release "not only reasonably

assure[d] the safety of any persons . . . but can all but guarantee their safety." (Appellant Br. 29.) He further contends that by denying his release, the district court "unlawfully built a 'guarantee' requirement in the standard" for release. (*Id.* at 29–30.) We are unpersuaded.

As outlined above, at least three of the four § 3142(g) factors weigh in favor of detention. Considering the factors together, we conclude that "no condition or combination of conditions [of release] will reasonably assure the . . . safety of any other person and the community[.]"[2] *See* 18 U.S.C. § 3142(e)(1). The alleged offenses involve predatory conduct and hands-on molestation of very young children. Further, Creed-Boehm does not dispute that three of the four § 3142(g) factors weigh in favor of detention. Therefore, the district court did not unlawfully add a "guarantee" requirement into the standard for release, nor did it err when it denied his motion for revocation of detention.

We acknowledge that Creed-Boehm proffered evidence that the rehabilitation facility would provide, among other protections and services, highly structured care and around-the-clock supervision. Even so, the facility suffers from several shortcomings, and we are unconvinced that it offers an alternative that reasonably assures the safety of the community. For instance, the facility's staff, although well trained in handling people with traumatic brain injuries, are not law enforcement trained to handle criminal defendants. The facility is in a residential neighborhood and would transport Creed-Boehm back and forth to a central treatment facility. This only increases the likelihood of Creed-Boehm interacting with other patients at the facility and members of the community, some of whom could be minors. Since Creed-Boehm would not register as a sex offender during the pretrial phase, community members would have no notice. Even though

---

[2] Even if we were to accept Creed-Boehm's argument that the weight of the evidence factor is less important than the others, viewing the factors together, they nonetheless clearly favor detention.

the facility may offer some form of surveillance and supervision to prevent harm, it does not match the capabilities of a detention center, which seem necessary in this case given the seriousness of the charges.

In sum, considering the § 3142(g) factors, we conclude that there are no conditions for release that will reasonably assure the safety of the community. Therefore, this evidence does not alter our conclusion.

III.

For the foregoing reasons, we affirm the judgment of the district court.